## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NKETIA LAVELA,

        Plaintiff,

v.

CITIBANK, N.A.,

        Defendant.

CIVIL ACTION

NO.: 2:19-CV-04659-RBS

**FILED**

DEC 1 8 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

### STIPULATION TO STAY PLAINTIFF'S COMPLAINT
### AND SUBMIT THIS MATTER TO BINDING ARBITRATION

Plaintiff NKETIA LAVELA ("Plaintiff") and Defendant CITIBANK, N.A.

("Citibank") (collectively referred to as the "Parties"), by and through their attorneys

of record, stipulate to stay Plaintiff's Complaint (ECF No. 1) and submit this action,

in its entirety, to binding arbitration, as follows:

1.     The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides for

the enforcement of arbitration agreements according to their terms. *Bertram v. Ben.*

*Consumer Disc. Co.*, 286 F. Supp. 2d 453, 457 (M.D. Pa. 2003); *see also Moses H.*

*Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S. Ct. 927, 74 L.

Ed. 2d 765 (1983) (providing that the FAA reflects a "liberal federal policy favoring

arbitration agreements."). Where, as here, the Parties have agreed to resolve all

disputes through binding arbitration, such agreements are fully enforceable.

Arbitration is the elected and required forum for resolving Plaintiff's claims, which

are fully within the scope of the Arbitration Agreement Plaintiff entered into with

Citibank.

2.      The Parties agree to submit all of Plaintiff's claims in the above-captioned action to final and binding arbitration pursuant to Citibank's written arbitration agreement titled "The Employment Arbitration Policy."

3.      The Parties agree to conduct the arbitration before an arbitrator affiliated with the American Arbitration Association.

4.      The Parties jointly request that the Court stay Plaintiff's Complaint filed in the U. S. District Court for the Eastern District of Pennsylvania in accordance with 9 U.S.C. § 3 because all issues raised in Plaintiff's Complaint will be submitted to arbitration. *Dancu v. Coopers & Lybrand*, 778 F. Supp. 832, 835 (E.D. Pa. 1991); *see also Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citing *Sea-Land Service, Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986)); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

5.      The parties have entered this stipulation to stay Plaintiff's Complaint and submit this action to binding arbitration.

6.      The Parties further agree that faxed or electronic signatures on this Stipulation are deemed to be original signatures for filing purposes.

**IT IS SO STIPULATED**.

| SIDNEY L. GOLD & ASSOC., P.C. | JACKSON LEWIS P.C. |
|---|---|

/s/ Sidney L. Gold
Sidney L. Gold (PA 21374)
1835 Market Street, Ste. 515
Philadelphia PA, 19103
T: (215) 569-1999
sgold@discrimlaw.net

Attorneys for Plaintiff
Dated:  December 18, 2019

/s/ John M. Nolan
John M. Nolan (PA 94337)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802 / F: (215) 399-2249
john.nolan@jacksonlewis.com

Attorneys for Defendant
Dated:  December 18, 2019

SO ORDERED:

Richard Barclay Surrick, U.S.D.J.

December 18, 2019

Mailed to Counsel
of Record.